**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EZEKIEL PANIAGUA,                          :
                                    Civil Action No. 06-5720 (SDW)
       Petitioner,                   :

       v.                            :      **OPINION**

MICHAEL CHERTOFF, et al.,     :

       Respondents.                  :

**APPEARANCES:**

Petitioner pro se
Ezekiel Paniagua
#185792/A 44,732, 448
Hudson County Correction Center
35 Hackensack Ave.
Kearny, NJ 07032

**WIGENTON**, District Judge

    Petitioner Ezekiel Paniagua, an alien confined at the Hudson County Correction Center while awaiting removal, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[2] The respondents are Secretary of

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

[2] Petitioner will be granted leave to proceed in forma pauperis.

Homeland Security Michael Chertoff, and Director of Detention and Removal Mark J. Kelly.

## BACKGROUND

According to the allegations of the Petition, Petitioner is a citizen of the Dominican Republic, who entered the United States in 1994 as a lawful permanent resident. Petitioner was taken into Immigration and Customs Enforcement ("ICE") custody on June 23, 2006, and was ordered removed on September 11, 2006.

Petitioner filed this Petition alleging that his indefinite detention in lieu of removal violates his constitutional and statutory rights.

## DISCUSSION

### A. Standard for *Sua Sponte* Dismissal

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See

Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

B. **The Petition Will Be Dismissed.**

Post-removal-order detention is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period."

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section 1231(a)(6) permits continued detention if removal is not effected within 90 days. However, the Supreme Court has held that such post-removal-order detention is subject to a temporal reasonableness standard. Specifically, once a presumptively-

3

reasonable six-month period of post-removal-order detention has passed, a resident alien must be released if he can establish that his removal is not reasonably foreseeable. See Zadvydas v. Davis, 533 U.S. 678 (2001); Clark v. Martinez, 543 U.S. 371 (2005).

Here, Petitioner pleads that he was ordered removed on September 11, 2006. Thus, his post-removal-order custody commenced on that date. The Petition is dated November 15, 2006, and was received by this Court on November 29, 2006.

It is apparent from the face of the Petition that neither the ninety-day statutory removal period nor the six-month presumptively reasonable removal period has yet elapsed. Thus, Petitioner is not entitled to the relief requested.

## CONCLUSION

For the reasons set forth above, the Petition will be dismissed, without prejudice to Petitioner's bringing a new Petition after the presumptively-reasonable period of detention has passed, should circumstances warrant. An appropriate order follows.

s/Susan D. Wigenton

SUSAN D. WIGENTON
United States District Judge

Dated: 1/8/07